IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SHAWN MATTHEW BENSON, and | ) | |
| LARRY BENSON, as Guardian of | ) | |
| the Person and Estate of Shawn | ) | |
| Matthew Benson, Ward, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 05-0431-CV-W-HFS |
| | ) | |
| UNION PACIFIC RAILROAD | ) | |
| COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case involves an injury at a railroad crossing. The non-resident railroad company removed the case from State Court on the theory that there are no legitimate in-state co-defendants, although several are named.

Various motions are pending. Plaintiffs seek a remand. The railroad company seeks a venue change to the place of the accident. Plaintiffs by letter ask prompt rulings, in advance of mediation and because of alleged hardship resulting from the delay. The railroad company seeks to stay proceedings and urges that I withhold rulings because uncertainty supposedly helps induce settlements.

The motions have been pending for too long. It is generally supposed that clarification helps focus the parties on settling, although perhaps confusion helps induce parties to seek an escape from litigation. The remand motion will dispose of all current issues and I have concluded it should be granted.

Co-defendant liability is based on equipment design allegations and alleged failure of their equipment to function in a manner that would have safeguarded the injured plaintiff. It is contended by defendants that the claims against parties other than the railroad are so insubstantial as to indicate fraudulent joinder.

The role of a Federal Court in evaluating the soundness of substantive claims, in order to determine if there was fraudulent joinder, is rather limited, under current Eighth Circuit law. When "colorable" claims are asserted, they should be decided by the court in which they were initially filed. Fila v. Norfolk Ry. Co., 336 F. 3d 806, 810 (8th Cir. 2003). I have previously concluded that this leaves a modest role for the removal court. Dumas v. Patel, 317 F. Supp. 2d 1146 W.D.Mo. 2004); Wilson v. Target Corp., 2004 WL 2203540 (W.D.Mo. 2004). The Fila decision, which somewhat tilts the conventional scale in favor of remands, is increasingly relied on. I count six district court decisions in this Circuit that have cited Fila since September.

Considering only the complaint of a design defect, it appears that the case should be remanded. Defendants cite a federal regulation which they say authorizes an override in circuitry, the disabling warning devices, as occurred here, and they also assert federal preemption, but without citations on this issue or otherwise explaining how the claim of design defect is inherently frivolous. The mere reference to testing cut-out circuitry in Federal law does not necessarily authorize or regulate the design of any and all such circuitry. The plaintiffs' reply (Doc. 27) is adequate to show that the claim against co-defendants is "colorable" as the term is used in Fila. The court should not

2

usurp the function of the State Court, where suit was filed, in determining either preemption or substantive issues of possible liability.[*]

If defendants are correct, the co-defendants may get out of this case without undue delay and the case can again be removed. If delay is an objective, as plaintiffs suggest, this ruling could create a merry-go-round that could achieve such a nefarious purpose.

The motion for remand is therefore GRANTED. The Clerk shall remand the case to Circuit Court within seven days of this ruling. SO ORDERED.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

November 1, 2005

Kansas City, Missouri

---

[*] I recognize that preemption may be more frequently litigated in Federal Court than in State Court, but should not assume I would give a correct answer and the State Court would not. Whether the railroad or co-defendants may be legally responsible for dangerous deactivation is not clearly shown. It is quite possible that merely designing a deactivator is not legally culpable, but that would seem to be a question of law to be resolved on summary judgment.

3